O'SULLIVAN v. JUNIOR DRESS CO.

(Supreme Court, Appellate Term.  June 29, 1911.)

SET-OFF AND COUNTERCLAIM (§ 29*)—ACTION ON CONTRACT.

    Though an employé, under a contract of employment for two years, was not discharged till more than six months after her entry on the services, at the end of which time the contract provided her deposit with the employer should be returned to her, it could counterclaim for damages for her misconduct, constituting a breach of the contract, and her consequent discharge.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

    Appeal from Municipal Court, Borough of Manhattan, Ninth District.

    Action by Margaret L. O'Sullivan against the Junior Dress Company.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

    Argued before SEABURY, GUY, and BIJUR, JJ.

    Arthur Mayer, for appellant.
    Clarke & Clarke, for respondent.

    BIJUR, J.  Plaintiff sued to recover back $450, being the balance of $500 originally deposited by her with the defendant on the execution of a contract whereunder she was employed for two years as a designer in defendant's business.  The contract provided that this money was to be returned to the plaintiff, with interest, "at the expiration of six months after the party of the second part [plaintiff] shall have entered upon the services provided for herein."  Another paragraph of the contract reads as follows:

    "It is further understood that, in the event that the party of the second part commit a breach of this agreement, the $500 herein deposited shall not be returned to her, but shall be considered as an application toward the liquidation of the damages which the party of the first part will receive by reason of such breach."

    The answer of the defendant embodied a counterclaim for such damages.  The agreement, though executed July 30, 1910, contained an express provision that it was to go into force on August 1, 1910.  Plaintiff claimed to have been discharged January 31, 1911, and to have actually ceased her employment on February 1st.  Defendant, by three witnesses, showed that plaintiff, on January 28, 1911, had acted in so abusive and insubordinate a manner that she was discharged by defendant's president on the spot.  Defendant also claimed to have attempted to deliver a written notice of discharge to her on January 30th, and to have actually delivered such a notice on January 31st.

    The learned trial court directed a verdict in favor of plaintiff on the theory that at the time of her discharge, six months having elapsed since the *date of the agreement,* namely, July 30th, plaintiff was entitled to a return of the $500, and he dismissed the counterclaim "as

    *For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

involving the same issues." It is evident, first, that the question when the plaintiff was discharged is one of fact for the jury; second, that it is altogether probable on the evidence that no finding by a jury that, at the time of her discharge, six months had elapsed "after plaintiff had entered upon the services" (which by the terms of the contract, was August 1, 1910), could be sustained; and, finally, in no aspect of the case could a decision either way affect defendant's right to recover under its counterclaim so much damage as it might prove itself to have suffered by reason of plaintiff's alleged misconduct and consequent discharge.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.